1 | MELINDA HAAG (CABN 132612)
United States Attorney

2 | J. DOUGLAS WILSON (DCBN 412811)
3 | Chief, Criminal Division

4 | DAMALI A. TAYLOR (CABN 262489)
Assistant United States Attorney
5 | 450 Golden Gate Ave., Box 36055
San Francisco, California 94102
6 | Telephone: (415) 436-7200
Fax: (415) 436-7234
7 | E-Mail: damali.taylor@usdoj.gov

8 | Attorneys for Plaintiff

FILED
SEP 1 9 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 3-13-70956 |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER DOCUMENTING WAIVER OF TIME UNDER RULE 5.1 AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| GREGORY KITTLING, | |
| Defendant. | |

The parties appeared before the Court in this matter on September 18, 2013 for detention hearing. Assistant United States Attorney Damali Taylor appeared on behalf of the United States. John Forsyth, Esquire, appeared on behalf of the defendant, GREGORY KITTLING, who was present and in custody. At that time, the defendant waived the issue of detention without prejudice.

The defense further requested that the date for preliminary hearing, currently October 2, 2013, be continued until October 18, 2013 so that the defense may gather evidence to submit to the Court and the government that may impact the resolution of the case pre-indictment. The government also indicated that it is in the process of providing discovery to defense counsel. The parties further requested that, given the need to gather and examine discovery, time continue

STIPULATION & [PROPOSED] ORDER
CR 3-13-70956

to be excluded under both Rule 5.1 and the Speedy Trial Act until October 18, 2013. Defense counsel represented that additional time is necessary to review the evidence and investigate the case, and that it is in the best interests of the defendant to do so before formal charges are filed. The government agreed. The Court found good cause for extending the time limits under Rule 5.1(d). The matter was continued to October 18, 2013 for the preliminary hearing or arraignment on an indictment or information. To date, no time has elapsed under either Rule 5.1 or the Speedy Trial Act. Accordingly, pursuant to Federal Rule of Criminal Procedure 5.1, the Court is now required to conduct a preliminary hearing on or before October 18, 2013, unless, *inter alia*, the defendant, who is in custody, waives the preliminary hearing or is indicted.

The government also had no objection to excluding time and the parties stipulated to an exclusion of time under the Speedy Trial Act through October 18, 2013. The parties agree that the ends of justice served by granting such an exclusion of time outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court made findings consistent with the parties' agreement.

SO STIPULATED:

                          MELINDA HAAG
                          United States Attorney

DATED: September 18, 2013           /s/
                          DAMALI A. TAYLOR
                          Assistant United States Attorney


DATED: September 18, 2013           /s/
                          JOHN FORSYTH
                          Counsel for the Defendant

STIPULATION & [PROPOSED] ORDER
CR 3-13-70956                          2

[PROPOSED] ORDER

For the foregoing reasons, the Court HEREBY ORDERS that the date for preliminary hearing in this matter is re-set to October 18, 2013, at 9:30 a.m., before the Honorable Laurel Beeler unless, *inter alia*, the defendant, who is in custody, waives the preliminary hearing or is indicted. The Court finds that good cause is shown for extending the time limits set forth in Federal Rule of Criminal Procedure 5.1(c), and, further, concludes that the extension is proper under Rule 5.1(d) and Title 18, United States Code, Sections 3060 and 3161.

The Court finds that the failure to grant the requested extension would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested extension outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court also concludes that an exclusion of time through and including October 18, 2013, should be made under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The Court also finds that the ends of justice served by an exclusion of time through and including October 18, 2013 outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A).

**IT IS SO ORDERED.**

Dated: 9-19-13

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE